## In re FAWICK.
### Patent Appeal No. 2917.

Court of Customs and Patent Appeals.
April 6, 1932.

LENROOT, Associate Judge, dissenting in part.

Brown, Jackson, Boettcher & Dienner, of Chicago, Ill. (C. V. Hildebrecht and H. H. Babcock, both of Chicago, Ill., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner denying claims 1 to 7, 9 to 19, and 21 to 31, inclusive, in appellant's application for a patent for an alleged invention relating to improvements in a transmission for automotive vehicles. Claim 8 was allowed. Claim 20 was canceled by appellant.

Claims 2, 9, and 15 are illustrative. They read:

"2. In combination, a gear box having a drive shaft, a stationary countershaft entirely at one side of the drive shaft and a stub shaft, a housing secured on the end of the gear box, bearings in said housing, a driven shaft in said bearings projecting into said housing, said stub shaft also projecting into said housing, one of the shafts which project into the housing having an internal gear, the other of said shafts which project into said housing having a pinion cooperating with said internal gear."

"9. In a transmission, a gear case having a drive shaft extending from one end thereof, a driven shaft extending from the other end thereof, said case having two compartments, selective change speed gearing comprising shiftable spur gears mounted in one compartment and speed reducing gearing mounted in the other compartment, said speed reducing gearing including an internal gear mounted on the inner end of the driven shaft and a

pinion cooperating therewith and driven through said change speed gearing by the drive shaft."

"15. In combination, a driving shaft an intermediate shaft and a driven shaft, change speed and reversing gearing between the driving shaft and the intermediate shaft including a plurality of pairs of cooperating external spur gears and means for coupling the driving and intermediate shafts together, a pair of gears forming a connection between the intermediate shaft and the driven shaft comprising a spur pinion and an internal gear."

The references are:

Daimler, 1,023,553, April 16, 1912.

Banks, 1,225,102, May 8, 1917.

Schacht, 1,452,220, April 17, 1923.

Daimler (Br.), 15,989, July 12, 1910.

Durkoppwerke (Ger.), 299,118, June 18, 1919.

Wanderer-Werke (Ger.), 312,407, May 24, 1919.

Appellant's application is for the reissue of his patent No. 1,524,476, issued January 27, 1925.

Claims 1 to 7, and 9 to 16, inclusive, were previously allowed to appellant, and are a part of his patent.

Each of the Patent Office tribunals has discussed the references, applied them to the appealed claims, and held that appellant's combination, although new and useful, is devoid of invention.

In view of the fact that the Board of Appeals has not only stated its views, but also those of the Primary Examiner, we deem it proper to quote a substantial portion of its decision:

"Claims 1 to 7, inclusive, and 22 to 31, inclusive, stand rejected on the German patent 299,118 or either of the Daimler patents, each of which discloses the general organization defined by these claims, when considered in connection with the patent to Banks, which discloses an internal external reduction gearing for automobiles, the position of the examiner being that no invention was involved in the substitution of the Banks internal external reduction gearing in place of the gearing disclosed by the German and Daimler patents.

"The examiner also relies on the said German patent as showing it to be old to have the reduction unit in a separate casing attached to the rear of the main casing.

"As to the idea of having the propeller shaft offset from the main transmission shaft, the position of the examiner is that such arrangement results from the type of reduction gearing employed, as illustrated by Banks.

"Claims 9 to 14, inclusive, stand rejected on the German patent to Durkoppwerke, in view of either Banks or the German patent to Wanderer-Werke, the position of the examiner being that the substitution of either the Banks or the German 312,407 reduction gearing in place of that disclosed by the German patent to Durkoppwerke would not amount to invention. The examiner calls special attention to the German patent 312,407 as disclosing an external internal reduction unit in combination with a sliding gear change speed transmission.

"Claims 15 to 21, inclusive, stand rejected on the patent to Schacht, which shows the character of the reversal in the main transmission in combination with a reduction unit such as called for by these claims, when considered in connection with the German patent to Durkoppwerke, the position of the examiner being that no invention was involved in placing the reverse mechanism of the Schacht patent in the Durkoppwerke patent.

"Claim 17 was rejected on the additional ground that it is unwarranted, stating that if applicant is going to claim the relation of the transmission and the springs of the vehicle frame then such springs must be disclosed.

"We have carefully reviewed the merits of the invention in the light of the applicant's brief, but without finding good reason for reversing the decision of the examiner."

The sole question in the case is whether appellant's combination, as defined in the appealed claims, admittedly new and useful, involved the exercise of the inventive faculties. If it did, the claims, with the exception of claim 17, which will be hereinafter considered, should have been allowed. If it did not, the claims were properly rejected.

Appellant was the first to provide a transmission, supported as sprung weight upon the frame of an automotive vehicle between the motor and propeller shaft, comprising an internal reduction gearing for a quiet running drive, in combination with a shiftable spur gearing for acceleration and reverse; the internal reduction gearing being operable with the spur gears out of operation.

Although the Patent Office tribunals have held that, considered broadly, appellant's combination lacked invention, we are not of that opinion. At the time appellant filed his original application, February, 1923, the au-

tomotive industry was comparatively young, and it is not far-fetched to say that intensive effort was being made at that time, and prior thereto, to improve the mechanical features of motor vehicles, including transmissions. The desirability of the results accomplished by appellant—a quiet running drive, and the elimination of noise and wear without the loss of power—must, necessarily, have been present in the minds of those skilled in that particular art. Nevertheless, four years elapsed after the issuance of the patents of record before any one thought of solving the problem by constructing the transmission defined in the appealed claims. It would seem, therefore, that if appellant's combination was obvious to those of ordinary mechanical skill, it would have occurred to someone at an earlier date.

Whether appellant's combination involved invention is largely a matter of opinion, concerning which, of course, minds will differ.

██ Appellant having pointed the way, his combination, as is true of many inventions, may appear simple. However, after carefully considering the issues involved, we have reached the conclusion that the involved combination was not obvious to one of ordinary mechanical skill, but required the exercise of the inventive faculties.

██ Claim 17 was rejected by the Patent Office tribunals, because appellant's drawings did not show the structure defined therein. Counsel for appellant contends, however, that that structure is fully defined in the specification, and that he will be glad "to illustrate the same upon allowance of claims covering the construction." It is not denied that a drawing is required by law. Rule 71 of the Rules of Practice of the United States Patent Office provides for an amendment of the drawings to secure "correspondence between the claim, the specification, and the drawing." Although appellant has had the opportunity to comply with the statute and rule 71, he has not done so. The claim, therefore, was properly rejected.

For the reasons stated, the decision of the Board of Appeals is modified, being reversed as to claims 1 to 7, 9 to 16, 18, 19, and 21 to 31, inclusive, and in other respects affirmed.

Modified.

LENROOT, Associate Judge (concurring and dissenting).

I concur in the conclusion reached by the majority as to all of the claims in issue except claim 17, but upon a somewhat different ground than that expressed in the majority opinion.

While I am not clear that the claims allowed by the majority describe any invention over the prior art, I am satisfied that it is manifest that there is a doubt as to this question, which doubt, under the established rule, should be resolved in appellant's favor. I therefore agree that said claims should be allowed.

I think the same rule should be followed as to claim 17, and that it also should be allowed. The only reason given for disallowance in the majority opinion is that the alleged element, "In an automotive vehicle having a spring supported frame," is not shown in the drawings of the application.

The examiner, after rejecting said claim for the same reasons that the other claims were rejected, stated: "Claim 17 is also rejected as unwarranted. The drawing shows no spring support for the frame."

This ground of rejection was also approved by the Board of Appeals.

I regard the words, "In an automotive vehicle having a spring supported frame," as an introductory phrase only, which states the environment in which the device is to be used, and is not in fact an element of the patentable combination set out in the claim. This being so, there is nothing in the statute or the rules of the Patent Office which requires drawings of the automotive vehicle or the spring supported frame. It is clear that drawings are required only of the invention and not of the environment in which the invention is to be used.

The question of the effect of an introductory phrase was fully considered by this court in the case of Braren v. Horner, 47 F.(2d) 358, 18 C. C. P. A. 971, and a number of cases were there cited and quoted from to the effect that language similar to that here considered was introductory only.

Furthermore, I cannot understand why claims 27, 28, 30, and 31 are allowable if claim 17 is not, because each of these claims introduces structure not shown in the drawings for the purpose only of stating the environment in which the invention is to be used.

To illustrate, claim 30 begins with the words, "In combination, an automobile having a frame, a driving motor, a rear axle, * * *," etc.; none of the foregoing are shown in the drawings, even though this claim begins with the words "In combination," which claim 17 does not; and yet this

claim was not rejected by the Patent Office tribunals upon the ground that said features were not shown in the drawings.

If claim 17 were exactly similar to the allowed claims, except for the introductory words, much might be said in favor of its rejection as being surplusage, but the language is different and comes within the rule that an inventor may claim his invention in different ways in order to make certain that he is fully protected.

Finally, the Solicitor for the Patent Office in his brief states that the point upon which the majority rejects claim 17 is a minor and formal one.

It being my view that the "spring supported frame" is no part of the invention claimed, but only states the environment in which the invention could be used, no drawings were necessary of the "spring supported frame," and the claim should be allowed for the same reasons that the other appealed claims are allowable.